328                 November 20, 2024                 No. 834

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Senadija HERCENBERGER
and State of Oregon,
*Petitioners-Respondents,*

*v.*

Robert HERCENBERGER,
*Respondent-Appellant.*

Washington County Circuit Court
C151162DRC; A181454

Manuel Perez, Judge.

Argued and submitted October 10, 2024.

Robert Hercenberger argued the cause and filed the briefs *pro se*.

Denise G. Fjordbeck, Assistant Attorney General, argued the cause for respondent State of Oregon. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

No appearance for respondent Senadija Hercenberger.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

In this appeal, father challenges an order denying his challenge to garnishment from the trial court. The Oregon Department of Justice's (DOJ) Division of Child Support sought the garnishment under ORS 18.605 for payment of child support for arrearages to mother in accordance with ORS 25.167 and ORS 25.080. On appeal, father asserts that the trial court erred in denying his challenge to the garnishment on grounds that the DOJ does not have authority to collect on behalf of mother, that the trial court erred because the action was not initiated by mother, that the underlying judgment is void due to fraud on the court, and that the writ of garnishment is not valid or enforceable. We affirm the judgment of the trial court.

The operative facts are procedural. In December 2015, the trial court ordered father to pay child support of $356 per month for the parties' joint child. Father filed a notice of appeal from that general judgment. This court affirmed the judgment without opinion in *Hercenberger and Hercenberger*, 283 Or App 917, 391 P3d 136, *rev den*, 362 Or 94 (2017), *rev dismissed*, 365 Or 534 (2019). The appellate judgment was entered on February 16, 2018. Father made subsequent motions on various grounds, including fraud, to vacate that judgment. All of those motions failed. The trial court record does not reflect that father ever moved to modify or set aside the child support award.

The DOJ sought to garnish money that was allocated to father in a settlement from Allstate Insurance Company. On March 20, 2023, father filed a challenge to garnishment under ORS 18.700, once again alleging that the general judgment was obtained through "fraud upon the court." In response, the DOJ alleged that father owed past-due child support of $12,710. The DOJ further alleged that no funds had been received under the garnishment, because the underlying insurance claim had not yet been settled. The DOJ requested that, if the garnishment challenge were to be denied, the court enter an order directing the garnishee, Allstate, to pay an amount not to exceed $12,710, subject to any offsets which father was entitled. The writ of

garnishment so directing the garnishee was attached to the response.

Father filed a "Motion to Dismiss," alleging that mother was not the petitioner or plaintiff, and that the trial court therefore lacked jurisdiction. A hearing on the challenge to the garnishment was held on April 21, 2023. The hearing was transcribed. Father argued that the case could not proceed in mother's absence, and that the DOJ could not pursue the claim for child support. Father also claimed that he did not owe any back support because he and mother evenly split parenting time. The DOJ responded that there was a child support order in the judgment, which was never modified to reflect any change in custody or parenting plan. The DOJ then argued that none of the statutory bases for challenging a garnishment were established and that the garnishment proceeding was not the proper place or mechanism to challenge the validity of the underlying debt.

The trial court found that father was ordered to pay $356 per month in support in December 2015 and that amount was never changed. The trial judge entered an order denying the challenge to garnishment on April 21, 2023. Father filed a timely notice of appeal.

As to father's argument that the trial court lacks jurisdiction because mother did not initiate the garnishment, we note that the DOJ is empowered to assist in the collection of child support. ORS 25.080(1). The general judgment provided that the child support would be paid through the Division of Child Support of the DOJ and the DOJ would provide enforcement services. ORS 25.080(1)(a) allows the DOJ to provide child support collection and enforcement services. ORS 18.605(1)(c) authorizes the use of garnishment proceedings to collect support arrearages as shown in DOJ records. Under OAR 137-055-1040(1), in any proceeding to establish, modify, or enforce paternity or support, the DOJ only represents the interest of the state. Mother was served with the challenge to the garnishment. She could have participated had she wished to do so. Nothing in the statutes or rules prevented her from doing so. But her failure to participate did not deprive the court of jurisdiction.

Father also argues that the original judgment is void due to a fraud on the court. Father's argument shifts from a claim that the trial judge committed a fraud by allowing the judgment to a claim that the Assistant Attorney General committed a fraud on this court by making misrepresentations of the law. He argues that his previous motions about the original judgment of dissolution and the distribution of property remain genuine issues of material fact in this case of nonpayment of child support. These arguments mix up the elements of ORCP 47 with the elements of ORCP 71B. Despite father's arguments to the contrary, the DOJ points out that although father has consistently argued that there has been a fraud perpetrated on the court, nevertheless he has never moved for modification of the judgment. The record supports the DOJ's position. In short, father cannot challenge the substance of the general judgment through this garnishment proceeding. The order of garnishment is valid.

Affirmed.